Electronically FILED by Superior Court of California, County of Los Angeles on 01/17/2019 02:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk

**JORGENSEN & SALBERG, LLP**
Richard A. Jorgensen (SBN 200618)
Jeffrey R. Salberg (SBN 216527)
Jorge A. Lopez (SBN 260557)
15137 Woodlawn Avenue
Tustin, CA 92780
Telephone: (949) 851-9900
Fax: (888) 848-0776

Attorneys for Plaintiff, ANDREW STROUD

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – TORRANCE COURTHOUSE**

ANDREW STROUD,

Plaintiff,

vs.

SCUBA MANIA, INC. d/b/a BEACH CITIES SCUBA; ANTHONY FALZONE; JAMES GRUNDY; RANDY SMITH; JOHN MOSS; C & N LINS INC. d/b/a CATALINA DIVERS SUPPLY; RIVIERA CHARTERS, LLC; M/V RIVIERA; and DOES 1-100, Inclusive,

Defendants.

Case No.: BC691641
Assigned for All Purposes to:
Honorable Judge Ramona G. See
Dept: M

**SECOND AMENDED COMPLAINT FOR PERSONAL INJURY UNDER GENERAL MARITIME LAW**

COMES NOW Plaintiff ANDREW STROUD, individually, who complains against Defendants, and each of them, and for causes of action allege as follows:

**BRIEF SUMMARY OF CASE**

This case is a personal injury action brought under the General Maritime Law of the United States by a newly-certified recreational diver who, due to his improper instruction, training, and ultimately, certification, was injured during his first unguided recreational dive in the navigable waters off the coast of Catalina Island. Plaintiff brings this action against the dive shop and the instructors who trained and certified him, as well as the rental facility which rented improper, insufficient, and/or poorly-maintained equipment on November 15, 2016, immediately prior to his

EXHIBIT 1.

dive and subsequent injuries sustained in the navigable waters adjacent to Catalina Island, California, County of Los Angeles.

**PARTIES**

1. Plaintiff ANDREW STROUD was, at the time of this accident, a citizen and resident of County of Los Angeles in the State of California.

2. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 4 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants under such fictitious names under Section 474 of the *Code of Civil Procedure*. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences hereinafter alleged, and that Plaintiff's damages as hereinafter set forth were proximately caused by said Defendants.

3. At all times material hereto, each Defendant was the agent and employee of every other co-Defendant, and in doing the things, acts, and omissions hereinafter more fully alleged, was acting within the scope and authority of said agency and employment, except as otherwise stated.

4. At all times herein alleged, Defendant SCUBA MANIA, INC. d/b/a BEACH CITIES SCUBA ("BEACH CITIES") was and is a corporation duly organized and existing under the laws of California, with its principal place of business in the City of Huntington Beach, County of Orange, California, and was and is doing business in this State.

5. At all times herein alleged, Defendant C & N LINS INC. d/b/a CATALINA DIVERS SUPPLY ("CDS") was and is a Limited Liability Company, organized under the laws of the State of California and with its principal place of business located in Avalon, California.

6. At all times herein alleged, Defendant ANTHONY FALZONE was and is an adult individual residing in the County of Orange, State of California.

7. At all times herein alleged, Defendant JAMES GRUNDY was and is an adult individual residing in the County of Orange, State of California.

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900



EXHIBIT 1.

8. At all times herein alleged, Defendant RANDY SMITH was and is an adult individual residing in the County of Orange, State of California.

9. At all times herein alleged, Defendant JOHN MOSS was and is an adult individual residing in the County of Orange, State of California.

10. At all times material hereto, Defendant DOE 2 owned, managed, manned, maintained, and operated as a vessel in navigation that certain 40-foot-long, Coast Guard-inspected passenger vessel commonly known as the *M/V RIVIERA* (herein referred to as "DOE 3").

11. In Rem Defendant DOE 3 (*M/V RIVIERA*) is a passenger vessel engaged in commerce within the jurisdiction of this court. The *M/V RIVIERA*, her machinery, equipment, engines and appurtenances are now, and during the pendency of process hereunder will be, within this jurisdiction of this Court.

12. At all times material hereto, the *M/V RIVIERA* was afloat and operating upon the navigable waters of the United States and was then and there "transporting passengers" including Plaintiff "between Ports in the United States" within the meaning of 46 U.S.C. §§ 30508 and 30509.

13. At all times material hereto, Plaintiff was a citizen and resident of the State of California, a "non-seafarer" regularly employed ashore, and a passenger aboard the *M/V RIVIERA* for the purpose of participating in SCUBA instruction, training, and certification.

14. At all times material hereto, the incident which forms the basis of the instant litigation occurred on navigable waters and is related to maritime activity, namely: recreational diving off a vessel at sea. At least one of the proximate causes of the incident originated in the maritime activity of one or more of the tortfeasor Defendants.

15. Thus, this action is authorized by and brought pursuant to federal general maritime law. (*Moragne v. States Marine Lines, Inc.*, 398 US 375, (1970) and *Sea-Land Svcs., Inc. v. Gaudet*, 414 U.S. 573 (1974).

16. Plaintiff brings this action in this court pursuant to the "saving-to-suitors clause" in the Federal Judiciary Act of 1789, 28 U.S.C. § 1333(1).

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.

**OPERATIVE FACTS**

17. In Spring of 2016, Plaintiff ANDREW STROUD purchased a Groupon certificate to obtain training, instruction, and ultimately certification as a recreational SCUBA diver from Defendant BEACH CITIES.

18. Defendant BEACH CITIES owns and operates a number of dive shops throughout Orange County.

19. Defendant BEACH CITIES utilizes a vessel known as the *M/V RIVIERA* (fictitiously sued herein as DOE 3) to conduct dive courses and training for its recreational SCUBA students. The *M/V RIVIERA*, while associated with Defendant BEACH CITIES, is owned by DOE 2 (Defendant RIVIERA CHARTERS, LLC).

20. On or about August 24, 2016, Plaintiff STROUD began his instruction with Defendant BEACH CITIES, which consisted of a single classroom session, a confined water (pool) session, and a total of four open water dives offshore on consecutive days in September, 2016.

21. At this time, BEACH CITIES utilized a "team teach" approach, which meant that Plaintiff Stroud did not have the same instructor for the duration of his certification instruction, but instead received instruction and training from multiple scuba instructors. In fact, Stroud had a new and different instructor each and every day he underwent instruction. The practical effect of such was that Defendant BEACH CITIES' instruction was inconsistent from day-to-day, there was a lack of continuity in the subject matter, skills taught, and methods of teaching wherein certain material and critical skills were never covered, and Defendants gave Stroud instructions which directly conflicted with each other's.

22. At one point, Defendants even signed off on Plaintiff's log book, which was completely blank and did not identify the skills taught or Plaintiff's proficiency in performing such skills.

23. Defendants conducted all of Plaintiff's confined water (pool) sessions in one 12-hour day, which Plaintiff struggled to get through.

24. Despite Plaintiff STROUD'S clear inability to perform necessary dive skills, Defendants' failure to maintain a record of any of the skills allegedly taught to Plaintiff STROUD,

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.

and Defendants' failure to verify that Plaintiff STROUD actually performed said skills in competent manner, Defendants took Stroud offshore on the *M/V Riviera* to conduct his required open water dives.

25. The subject open water dives occurred in navigable waters and over the course of two days. Again, STROUD was accompanied by a different instructor on each of the two separate days.

26. During the course of Plaintiff's open water dives, DOE 2 (RIVIERA CHARTERS, LLC) employed the divemasters and crew members onboard the *M/V RIVIERA*. In this capacity, DOE 2's deckhand and divemaster-employees supervised and participated in the instruction of Plaintiff and the other students who were diving from the vessel each day. Plaintiff is informed and believes that it is DOE 2's custom and practice to supervise and when necessary, assist, in Defendant BEACH CITIES' open water courses even though they remain on the vessel during such time. Such is exactly what occurred in Plaintiff's course.

27. Defendants failed to provide competent and prudent open water diving instruction, commensurate with the standards of care in the industry during all portions of the course, including the confined water sessions and the open water ocean dives from the *M/V RIVIERA*. There was no continuity from day to day because different instructors taught each portion separately. There was no communication between instructors concerning Plaintiff's progress in the class and competence in performing critical skills necessary to obtain certification. Plaintiff's open water dives were conducted in poor conditions. The open water dives were conducted with at least one student utilizing a full face mask, which requires training completely different from that which Plaintiff was supposed to receive. Plaintiff and other students were left either on the sea floor or on the surface alone. Plaintiff was not taught how to dive in kelp, which is commonly present throughout popular Southern California dive sites. Plaintiff was not properly taught how to assemble his equipment, conduct a proper "buddy check," properly weight himself, achieve and maintain neutral buoyancy, achieve positive buoyancy in the event of an emergency, or navigate in commonly-encountered Southern California conditions. Moreover, Plaintiff's instructors were callous, unsupportive, and indifferent about Plaintiff's comfort level and competence in performing skills.

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.

28. Nevertheless, despite the above inadequate and improper instruction, supervision, and training, Defendants certified STROUD as an Open Water Diver, signing his logbook and attesting to dives that were never recorded.

29. On or about November 13, 2017, Plaintiff STROUD and his fiancé, Catherine Yi, travelled to Catalina Island with the intention of diving off the popular "Casino Point" dive site.

30. On November 15, 2016, Plaintiff and Yi rented the following equipment from Defendant CDS: BCDs, regulators, weights, and tanks. STROUD and Yi requested to rent cutting tools, and compasses, but Defendant CDS did not have them available for rent or sale at the time of the request.

31. After renting their gear, Plaintiff and Yi assembled and donned their equipment and began their dive. Shortly into the dive, Plaintiff recognized that Yi was exhibiting signs of distress. He signaled to Yi to surface and she agreed. Yi tried kicking to ascend, but continued descending instead. Yi attempted to inflate her BCD, but it did not inflate. The couple soon found themselves on the seafloor. STROUD attempted to inflate Yi's BCD, but it still would not inflate. Both Stroud and Yi panicked and Stroud ascended to the surface and yelled for help.

32. A nearby instructor, who was also diving at the dive site, assisted Plaintiff STROUD and then descended to assist Yi. When the instructor reached Yi, she was motionless, not breathing, and tangled in kelp. The instructor found that the low-pressure inflator hose was disconnected from Yi's power inflator. He brought Yi to the surface and called for emergency rescue.

33. Plaintiff suffered physical and emotional injuries. Yi was pronounced dead.

34. As a result of the occurrence of the incident, there was a potentially disruptive impact on maritime commerce. Marine resources, which should have been available for other maritime events, were utilized here. Catalina Baywatch responded to the scene and entered the marine park to transport both Plaintiff and Yi to the hyperbaric chamber. Ultimately, the Los Angeles Sheriff's Department responded to the scene and potentially, the U.S. Coast Guard's resources could have been utilized. Further, diving activity was actually interrupted at Catalina Island as a result of the incident and the incident further created the potential that other tour operators or commercial vessels in the area would be disrupted from conducting their usual activities.

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.

35. The activities which formed the incident were substantially related to traditional maritime activity. As set forth in *McClenahan v. Paradise Cruises, Ltd.* (1995) 888 F.Supp. 120 and *Pettis v. Bosarge Diving, Inc.* (2010) 751 F.Supp.1222, diving from a vessel, whether commercial or noncommercial, is an activity traditionally undertaken by a vessel and thus a traditional maritime activity.

**FIRST CAUSE OF ACTION**

**(NEGLIGENCE – AS AGAINST ALL DEFENDANTS)**

36. Plaintiff hereby incorporates by reference Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. This cause of action arises under the common law remedies laid down in *Leathers v. Blessing*, 105 U.S. (15 Otto) 626 (1882), *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and the General Maritime Law of the United States and the applicable provisions of the common and statutory law of the State of California. Those remedies are applicable hereto under the choice-of-law principles set forth in *Lauritzen v. Larsen*, 345 U.S. 571 (1953) and *Hellenic Lines v. Rhoditis*, 398 U.S. 306 (1970).

38. This Court has concurrent subject matter jurisdiction over this Cause of Action by virtue of the "Savings to Suitors Clause" in 28 U.S.C. § 1333(1) and the California Supreme Court's holding in *Donaldson v. National Marine, Inc.*, (2005) 35 C4th 503.

39. Defendant BEACH CITIES, FALZONE, GRUNDY, SMITH, MOSS, and DOE 2 and its employees, agents, contractors, divemasters, and deckhands recklessly, carelessly, and knowingly breached the duties of care owed to Plaintiff STROUD in multiple ways, including but not limited to: (a) failing to use even slight care in providing SCUBA instruction and training to STROUD, commensurate with established industry standards, and (b) failing to use even slight care in certifying Plaintiff STROUD as an Open Water Diver even though he was not competent in the skills required to safely dive as a certified SCUBA diver.

40. Likewise, Defendant CDS recklessly, carelessly, and knowingly breached the duties of care owed to Plaintiff STROUD by, among other things, failing to use even slight care in maintaining its inventory of rental equipment, (b) failing to keep maintenance records for its

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1

equipment; and (c) failing to use even slight care in providing to Plaintiff and Yi rental equipment necessary to conduct a safe dive in the local conditions.

41. Defendants acted with reckless disregard for Plaintiff STROUD'S safety and health in breaching the duties of care owed to Plaintiff.

42. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered personal injuries, including, pain, suffering, and emotional distress, while participating in his first unguided dive following certification.

43. Defendants acted outrageously, and were guilty of gross negligence, willful, wanton, and reckless indifference for the rights and safety of others, or behavior more deplorable, since Defendants all knew of the probable danger arising from their conduct, practices, and procedures, yet continued to carry them out in the same manner as had caused injury in the past.

44. More specifically, Defendant BEACH CITIES knew that its "team teaching" approach to teaching Open Water Diving fell below the standard of care applicable to dive instructors and had caused injuries and death to other students in the past. Defendant was aware that the "team teaching" approach prevented instructors from personally verifying competency with previously-taught skills, yet it utilized the approach anyway. In fact, Defendant's conduct in signing off on Plaintiff's logbook even though it was completely blank demonstrates the level of gross negligence undertaken by Defendant and its indifference to Plaintiff's safety. Defendant BEACH CITIES employed and utilized the very same "team teaching" method it knew was dangerous to its students in willful disregard for the rights and safety of Plaintiff.

45. Prior to his injuries, Plaintiff was an adult person in excellent physical and mental health and condition.

46. As a further direct and proximate result of the Defendants' hereinabove alleged conduct, Plaintiff has incurred medical expenses, all to his pecuniary damage in an amount to be determined at the time of trial.

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

**SECOND CAUSE OF ACTION**

**(NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF UNFIT EMPLOYEE – AS AGAINST DEFENDANTS BEACH CITIES, CDS, AND DOES 1-50)**

47. Plaintiff hereby incorporates by reference Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. Defendant BEACH CITIES, FALZONE, GRUNDY, SMITH, MOSS, and DOE 2 and its employees, agents, contractors, divemasters, and deckhands recklessly, carelessly, and knowingly breached the duties of care owed to Plaintiff and Yi in multiple ways, including but not limited to: (a) failing to use even slight care in providing SCUBA instruction, supervision, and training to Stroud and Yi, commensurate with established industry standards, and (b) failing to use even slight care in certifying Stroud as an Open Water Diver even though he was not competent in the skills required to safely dive as a certified SCUBA diver.

49. Likewise, Defendant CDS recklessly, carelessly, and knowingly breached the duties of care owed to Plaintiff by, among other things, failing to use even slight care in maintaining its sets of rental equipment, (b) failing to keep maintenance records for its equipment; and (c) failing to use even slight care in providing rental equipment necessary to conduct a safe dive in the local conditions.

50. As stated hereinabove, as a result of Defendants' actions, Plaintiff ultimately suffered great personal injuries during his first unguided dive after certification.

51. As a direct and proximate result of the Defendants' conduct, Plaintiff was placed in great fear for his life and physical well-being, and consciously suffered extreme, severe, and relentless mental anguish and physical pain, and continued to suffer such pain and anguish for a substantial period of time.

52. In failing to provide competent instruction and training to Plaintiff; in failing to maintain the rental equipment rented to Plaintiff; and in failing to rent necessary safety equipment to Plaintiff, Defendants acted outrageously, and were guilty of gross negligence, willful, wanton, and reckless indifference for the rights and safety of others, including Plaintiff, or behavior even more

EXHIBIT 1

deplorable, justifying an award of punitive damages under the General Maritime Law of the United States in an amount to be determined at the time of trial herein.

53. Moreover, the same conduct constituted oppression in that it was despicable and subjected the Plaintiff to unjust hardship; namely that, Plaintiff was led to believe he was qualified to dive as an open water diver even though he received poor, insufficient, substandard training and instruction, and that the equipment which was rented to him was both suitable and appropriate for the local diving conditions as well as maintained and in good working order.

54. The conduct of Defendant was so grossly negligent and so indifferent to Plaintiff's safety that Defendant actually signed off on blank dive logs, which were meant to indicate Plaintiff's proficiency in performing crucial skills necessary to dive safely.

55. All of the aforementioned conduct of Defendants justifies the imposition of punitive and exemplary damages under the General Maritime Law of the United States in an amount to be determined at the time of trial herein.

56. Defendant BEACH CITIES, as the employer of Defendants FALZONE, GRUNDY, SMITH and MOSS, and DOE 2, as the employer of the deckhands and divemasters onboard the *M/V RIVIERA* when Plaintiff conducted his open water dives, had advance knowledge of the unfitness of said instructor, divemasters, and deckhand defendants and nevertheless employed them with a conscious disregard of the rights and safety of others. Defendant BEACH CITIES and DOE 2 knew: 1) that Defendants FALZONE, GRUNDY, SMITH, MOSS, and the deckhands and divemasters which participated in the instruction and supervision of Plaintiff's open water dives, were unfit and unqualified to teach open water diving, 2) that the "team teaching" method utilized by Defendants was unsafe and failed to meet industry standards, and 3) that the "team teaching" methodology and its instructors' prior practices had resulted in at least one previous death or serious injury. Yet, Defendant BEACH CITIES nevertheless employed them in conscious disregard of the rights and safety of others and/or ratified their wrongful conduct.

57. The advance knowledge, conscious disregard of the rights and safety of others, authorization, and/or ratification was on the part of an officer, director, or managing agent of the

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.

corporation. Moreover, the acts of the Defendants were undertaken by officers, directors, or managing agents of BEACH CITIES and DOE 2.

58. Defendant CDS was the employer of DOE 1, who rented Plaintiff the equipment he utilized on the day of the incident. Defendant CDS, as the employer of DOE 1, had advance knowledge of the unfitness of DOE 1 to rent the appropriate dive equipment to divers wanting to dive at the Casino Point dive site and nevertheless employed him with a conscious disregard of the rights and safety of others. Defendant CDS knew: 1) that DOE 1 was unfit and unqualified to know what dive equipment was necessary and appropriate to dive safely at the dive site; 2) that DOE 1 was unfit and unqualified to recognize equipment that needed servicing and should not be rented; 3) that DOE 1 was unfit and unqualified to maintain Defendant CDS' sets of rental equipment; and 4) that DOE 1 was unfit and unqualified to advise Plaintiff that Defendant CDS lacked some of the equipment necessary to safely carry out his intended dive. Yet, Defendant CDS nevertheless employed DOE 1 in conscious disregard of the rights and safety of others and/or ratified their wrongful conduct.

59. The advance knowledge, conscious disregard of the rights and safety of others, authorization, and/or ratification was on the part of an officer, director, or managing agent of the corporation. Moreover, the acts of the Defendants were undertaken by officers, directors, or managing agents of Defendant CDS.

60. As with the aforementioned Defendants, Defendant CDS was also guilty of malice and oppression. Namely, by failing to maintain its rental gear in good working order or replace rental gear which had become inoperable, unsafe, or obsolete, and by failing to make available equipment necessary to dive the local conditions, Defendant consciously disregarded the rights and safety of Plaintiff and other divers wanting to rent gear and dive the local dive site and made it more likely that Plaintiff would become injured or die when diving the local site.

61. Therefore, an imposition of punitive and exemplary damage against all Defendants is warranted.

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On the First Cause of Action:

1. For non-pecuniary damages in excess of the jurisdictional limits of the Superior Court;
2. For pecuniary damages according to proof;
3. For punitive and exemplary damages;
4. For pre-judgment interest;
5. For costs of suit; and
6. For such other and further relief as the Court may deem just and proper.

On the Second Cause of Action:

1. For general damages according to proof;
2. For punitive and exemplary damages;
3. For costs of suit; and
4. For such other and further relief as the Court may deem just and proper.

DATED: January 17, 2019

JORGENSEN & SALBERG, LLP

By: [signature]
Richard Allen Jorgensen,
Jorge A. Lopez,
Attorneys for Plaintiff

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Tustin, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 15137 Woodlawn Avenue, Tustin, CA 92780. On January 17, 2019 I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **SUMMONS ON SECOND AMENDED COMPLAINT; SECOND AMENDED COMPLAINT FOR PERSONAL INJURY UNDER GENERAL MARITIME LAW**

SERVED UPON: *Please See Attached Service List*

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Tustin, California. I am readily familiar with the practice of JORGENSEN & SALBERG, LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by U.S. Delivery Systems to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 17, 2019, at Tustin, California.

YVETTE GARNICA

EXHIBIT 1.

***Service List for:***
*Stroud v. Scuba Mania, Inc. d/b/a Beach Cities, et al.*
*Case No.: BC691641 (Lead Case)*
*Related Case:*
*Lee, et al. v. Scuba Mania, Inc. dba Beach Cities Scuba, et al.*
*Case No.: BC691786*

| | |
|---|---|
| Nelson Griffin, LLP<br>Thomas J. Griffin, Esq.<br>Raymond J. Muro, Esq.<br>555 S. Flower Street, Ste. 4200<br>Los Angeles, CA 90071<br>Phone: (213) 833-0155<br>Fax: (213) 833-0160<br>E-mail: tgriffin@nelsongriffin.com | Attorneys for Defendant,<br>C & N LINS INC. d/b/a CATALINA DIVERS SUPPLY |
| La Follette Johnson<br>Mark M. Williams, Esq.<br>865 S. Figueroa St., Fl. 32<br>Los Angeles, CA 90017<br>Phone: (213) 426-3600<br>Fax: (213) 426-3650 | Attorneys for Defendants,<br>JAMES GRUNDY; JOHN MOSS; & SCUBA MANIA, INC. d/b/a BEACH CITIES SCUBA |
| Cox Wootton Lerner Griffin & Hansen, LLP<br>Neil S. Lerner, Esq.<br>12011 San Vicente Blvd., Ste. 600<br>Los Angeles, CA 90049-4948<br>Phone: (310) 440-0020<br>Fax: (310) 440-0015<br>E-mail: nsl@cwlfirm.com | Attorneys for Defendants,<br>RANDY SMITH, & ANTHONY FALZONE |
| Lesser & Associates<br>Richard A. Lesser, Esq.<br>423 S. Pacific Coast Highway, Ste. 206<br>Redondo Beach, CA 90277<br>Phone: (310) 374-4808<br>Fax: (310) 372-7715<br>E-mail: rick@divelaw.com | Attorney for Plaintiffs,<br>JASON LEE, ESTATE OF CATHERINE YI, & NANCY LEE |
| Ryu Law Firm<br>Francis S. Ryu, Esq.<br>915 Wilshire Boulevard, Ste. 1775<br>Los Angeles, CA 90017<br>Phone: (323) 931-5270<br>Fax: (323) 931-5271<br>E-mail: francis@ryulaw.com | Attorney for Plaintiffs,<br>JASON LEE, ESTATE OF CATHERINE YI, & NANCY LEE |

JORGENSEN & SALBERG, LLP
15137 Woodlawn Avenue
Tustin, CA 92780
(949) 851-9900

EXHIBIT 1.